IN THE UNITED StateS DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN L. GARDNER, ) | CASE NO.  1:07 CV 1601 |
| ) | |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | |
| ) | |
| ) | MEMORANDUM OPINION |
| CITY OF CLEVELAND, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Motions of Defendants City of Cleveland and Earle B. Turner for Summary Judgment(ECF #25) and Plaintiff, Steven L. Gardner, for Summary Judgment. (ECF #24).  For the reasons that follow, Defendants' Motion for Summary Judgment is granted as to Plaintiff's federal claims and Plaintiff's Motion is denied as to those claims. Further, the Court declines to accept supplement jurisdiction over Plaintiff's remaining state law claims and those claims are remanded to state court.

**PROCEDURAL AND FACTUAL BACKGROUND**[1]

This action was filed in the Court of Common Pleas for Cuyahoga County by Plaintiff Steven L. Gardner against Defendants City of Cleveland, Earle B. Turner in his Official Capacity as Clerk of the Cleveland Municipal Court and Clerk of the Cleveland Parking Violations Bureau, and Affiliated Computer Services, Inc. on May 11, 2007.  The action arises from Plaintiff's receipt of two "Notices of Liability" from the City of Cleveland Parking Violations

---

[1] The factual summary is based upon the parties' statements of fact.  Those material facts that are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving party.

Bureau, Photo Safety Division for two purported violations of Section 413.031 of the Codified Ordinances of the City of Cleveland ("C.O."), one on December 31, 2006 and one on January 1, 2007.  Under C.O. 413.031, Plaintiff requested and received a hearing regarding the Notices of Liability before a Hearing Examiner in the City of Cleveland's Parking Violations Bureau, Photo Safety Division on April 12, 2007.  At the hearing, Plaintiff submitted no evidence other than his statement that he was not driving at the time of the offenses. No other evidence was presented on either side. At the conclusion of the hearing, the Hearing Examiner found Plaintiff liable for the violations depicted in the Notices of Liability, gave Plaintiff notice of the finding of liability, and informed Plaintiff of his right to appeal.  Plaintiff did not exercise his right to file an administrative appeal of the Hearing Examiners' findings of liability to the Cuyahoga County Court of Common Pleas under R.C. § 2506.  Instead, Plaintiff filed the instant action seeking declaratory judgment, a permanent injunction and relief under 42 U.S.C. § 1983. Defendants removed the action to this Court on May 31, 2007.

This Court granted Defendant ACS State and Local Solutions' Motion to Stay the proceedings pending the decision of the Ohio Supreme Court on a question certified to them by Judge Dowd in *Mendenhall v. Akron* and *Sipe v. Nestor Traffic Systems, Inc.*; cases which involved challenges to an Akron ordinance providing an automated mobile speed enforcement system. The question certified to the Ohio Supreme Court was "Whether a municipality has the power under home rule to enact civil penalties for the offense of violating a traffic signal light or for the offense of speeding, both of which are criminal offenses under the Ohio Revised Code." The Ohio Supreme Court issued an opinion on January 31, 2008 finding that "an Ohio municipality does not exceed its home rule authority when it creates an automated system for

2

enforcement of traffic laws that imposes civil liability upon violators, provided that the municipality does not alter statewide traffic regulations." *Mendenhall v. Akron*, Slip Opinion No. 2008-Ohio-270. (Syllabus of the Court, January 31, 2008).

Thereafter, Plaintiff was granted leave to file an Amended Complaint. Count One contains a number of allegations purporting to show that C.O. 431.031 is unconstitutional on its face for the reasons identified in the *Mendenhall* case, and that it was unconstitutional as applied under both the Ohio and United States' Constitutions. With respect to his § 1983 claim, Plaintiff asserts that his civil rights were violated by the Defendants' unfair, and unlawful process and unfair prosecution causing Plaintiff damages in the nature of fines, costs and attorneys fees. (ECF #15, ¶26). In Count Two, Plaintiff alleges that the use of the parking violations bureau for the initial appeal of the notice of violation issued by the Clerk of the Cleveland Municipal Court violates Cleveland City Charter provision § 76-6(b). The Amended Complaint seeks a judgment declaring C.O. 431.031 unconstitutional; a permanent injunction ordering the City of Cleveland and the Clerk of the Cleveland Municipal Court to stop enforcing C.O. 431.031; to dissolve the Division of Photo Safety; and, an order reversing the fines, penalties, and other consequences associated with Plaintiff's tickets/citations/notices stemming from violations of C.O. 431.031. Plaintiff also seeks attorneys fees and costs associated with prosecuting this action.

Defendant Affiliated Computer Services, Inc. filed a motion to dismiss the claims against it for failure to state a claim upon which relief could be granted. (ECF #16). The Court granted that Motion on July 18, 2008.

Plaintiff and the remaining Defendants filed cross motions for summary judgment. The motions are fully briefed and ready for decision.

3

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962), *see also U.S. v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (quoting *Anderson*, at 248-49 (1986)). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal

issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).  In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.  However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.  The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation*, 53 F.3d 146,149 (6th Cir. 1995).  The text of  FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Id.*  The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate.

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible.  The Sixth Circuit has concurred that, "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'"  *Wiley v. U.S.*, 20 F.3d 222 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)).  FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id*. at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson*, 477 U.S. at 250.

## ANALYSIS

### 1. Plaintiff's Federal Claims.

The Court will first address Plaintiff's federal claims. Plaintiff asserts a § 1983 claim arguing that he has been denied procedural due process and is due damages. Plaintiff also seeks declaratory and injunctive relief based upon his assertion that C.O. 431.031 violates the Constitution of the United States as applied in that the pre-deprivation administrative hearing was conducted in an unconstitutional manner because it was closed to the public in violation of the requirement that court proceedings be conducted in open court; the fines assessed against plaintiff were excessive; the hearing officer acted in both the role of prosecutor and judge in violation of the separation of powers doctrine; the requirement of proof beyond a reasonable doubt was dispensed with despite the fact that the financial effect of Plaintiff's $100 fine was the equivalent of Plaintiff being found guilty in a court of law; and, the process was fundamentally unfair in violation of his substantive due process rights.[2]

### A. § 1983 Procedural Due Process Claim

Section 1983 is not itself a source of substantive rights, but rather provides a right of action for the vindication of independent constitutional guarantees. *See Braley v. City of Pontiac,*

---

Plaintiff also asserts that C.O. 413.031 violates the Ohio Constitution for these same reasons and in addition, C.O. 413.031 violates the Ohio Constitution on its face in that it was enacted in violation of Article XVIII § 3 of the Ohio Constitution and R.C. § 4511.06 in that it purports to assess civil fines for moving violations of the Traffic Laws of the State of Ohio which are designated as misdemeanors and is in conflict with the general laws of the State and is unconstitutional on its face. Amended Complaint, ¶ 13. The Court does not address Plaintiff's claims based upon the Ohio Constitution.

906 F.2d 220, 223 (6th Cir.1990). In order to establish liability under § 1983 against state officials, a plaintiff must show that the officials, acting under color of state law, caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Monroe v. Pape*, 365 U.S. 167 (1961)). In other words, the terms of § 1983 demand only two allegations: (1) that a person deprived the plaintiff of a federal right, constitutional or statutory; and, (2) that the person acted under color of state law when depriving the plaintiff of the federal right. *See Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978))*; Gomez v. Toledo*, 446 U.S. 635, 640 (1980). If either element is missing, then a § 1983 claim has not been pleaded. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In this case, Plaintiff is suing the City of Cleveland and Earle B. Turner in his official capacity as Clerk of the Cleveland Municipal Court. When a plaintiff sues a public employee solely in his official capacity the action is treated as a claim against the governmental entity. *Stemler v. Florence*, 126 F.3d 864, n.8 (6th Cir. 1997). Thus, the claim here is that the City of Cleveland deprived Plaintiff of his constitutional rights in violation of Section 1983.

To establish a procedural due process claim pursuant to § 1983, plaintiff must establish three elements: (1) that he has a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (2) that he was deprived of this protected interest within the meaning of the Due Process Clause; and, (3) that the state did not afford him adequate procedural rights prior to depriving him of their protected interest. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) citing *Zinermon v. Burch*, 494 U.S. 113, 125-26, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). A § 1983 action is supplemental to a state tort action

8

arising out of the same factual circumstances. *See Braley v. City of Pontiac,* 906 F.2d at 224.  In the context of an alleged due process violation, however, a plaintiff may resort to a §1983 action for relief only where he can demonstrate that the constitutional right was not adequately vindicated by state-law post-deprivation remedies. *See Parratt v. Taylor,* 451 U.S. 527, 543-44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (noting that a § 1983 action is unavailable for deprivation of property without procedural due process where there exists a state remedy that comports with due process), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *see also Wilson v. Beebe,* 770 F.2d 578 (6th Cir.1985) ( *en banc* ) (extending *Parratt* to deprivations of liberty). Thus, the plaintiff must "plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983).

Defendants contend Plaintiff failed to challenge the procedures available to him under state law or demonstrate that those procedures do not comport with due process.[3] Mr. Gardner participated in the pre-deprivation process provided by C.O. 413.031when he attended the hearing before a Hearing Examiner in the City of Cleveland's Parking Violations Bureau, Photo Safety Division.  However, after the Hearing Examiner found Plaintiff liable for the violations depicted in the Notices of Liability, Plaintiff did not exercise his right to an administrative appeal of the Hearing Examiners' findings of liability before the Cuyahoga County Court of

---

[3] Defendants also contend that Plaintiff has not been deprived of any property because the Parking Violations Bureau stays all collection activities on the finding of liability pending the outcome of the appeal.  Plaintiff asserts that the Parking Violations Bureau did not stay its collection activities in this case.  Defendants contend that there was no constitutional violation for failing to stay collection in this case because Plaintiff did not appeal the administrative decision but rather filed this collateral attack on the Hearing Examiner's finding of liability.

Common Pleas under R.C. Chapter 2506.  In *Parratt v. Taylor, supra*, the Supreme Court limited the use of § 1983 by holding that in a case involving deprivation of property without due process, a cause of action under § 1983 is not available if there exists a state remedy that comports with procedural due process. See also, *Braley v. City of Pontiac*, 906 F.2d at 225.  In this case the process available to Plaintiff involved an administrative proceeding that afforded notice, a hearing and an opportunity to present evidence. C.O. § 413.031(k)  In addition, Plaintiff had the ability to appeal the finding of liability to the Court of Common Pleas under R.C. Chapter 2506. During an administrative appeal under R.C. Chapter 2506, the state court determines whether the "decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. R.C. § 2506.04.  The Ohio Supreme Court has determined that the relief provided by the appeal opportunity in R.C. Chapter 2506 is complete, beneficial and speedy. *See State ex rel. Village of Chagrin Falls v. Geauga County Bd. Of Com'ners*, 96 Ohio St.3d 400, 403 (2002).

      Plaintiff claims, without explanation or detail, that the state remedy does not comport with procedural due process because of the amount of the filing fee necessary to pursue an administrative appeal as compared to the amount at issue.  As Plaintiff offers no evidence in support of this allegation , the Court cannot evaluate this claim and Plaintiff has clearly not met his burden on this issue. Moreover, as Defendants note, Plaintiff's Complaint does not raise any challenges to state law or the Cuyahoga County Court of Common Pleas Local Rule establishing the deposit required for administrative appeals.  Further, if it did, Defendants claim that Plaintiff failed to name a necessary party–the State of Ohio and the Court of Common Pleas.  In any event, the Court finds that Plaintiff has not challenged the procedures available to him under

state law and has not made any attempt to show that the administrative appeal offered through R.C. Chapter 2506 does not comport with procedural due process.

Plaintiff next argues that he was not required to exhaust administrative remedies because "it would be futile or inadequate to protect plaintiff's rights." (ECF #27 at p. 2 citing *Honig v. Doe*, 484 U.S. 305, 326 (1988)). While Plaintiff cites precedent for rare instances when exhaustion of administrative remedies is not required, he offers no explanation why exhaustion would be futile in this case.  On the other hand, Defendants have shown that the process available to Plaintiff under the City's ordinance and state law is sufficient for the purposes of the Due Process Clause.  Plaintiff declined to pursue the post-deprivation process offered under state law. Accordingly, Plaintiff's § 1983 procedural due process claim is barred.

### B.  Substantive Due Process

Moving on to Plaintiff's substantive due process claim, Plaintiff contends that he was damaged and his civil rights violated by Defendants' unfair prosecution.  Amended Complaint, ¶26.  In contrast to procedural due process, the doctrine of substantive due process has been defined generally as "[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed ...." *Pearson v. Grand Blanc,* 961 F.2d 1211, 1216 (6th Cir.1992).

When a government action is challenged under substantive due process, a court must first determine whether a fundamental right is implicated and if not, must apply the rational basis test. *See, e.g., Doe v. City of Lafayette,* 377 F.3d 757, 773 (7th Cir.2004) ("Because we have concluded that the City's [action] does not encroach on a fundamental liberty interest, we are bound to apply the rational basis standard of review....).  Plaintiff asserts that the administrative

agency has engaged in arbitrary and capricious conduct by finding Plaintiff liable because there is no rational basis for a finding of liability against him. Plaintiff also asserts, without any further support, that his interest "in not having to pay a civil penalty is fundamental." ECF #27 at 6.

An interest is fundamental for the purposes of substantive due process analysis if it is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [it] were sacrificed." *Washington v. Glucksberg,* 521 U.S. 702, 720-721 (1997). However, other courts have determined that an interest in not paying a relatively small fine is not a fundamental interest. See *Idris v. City of Chicago*, 2008 WL 182248 at *6 (N.D. IL 2008). (An interest in not paying a $90 fine for a traffic violation was deemed not to be fundamental.) Similarly, the imposition of the $100 civil penalty in this case does not implicate a fundamental right. Accordingly, the rational basis test applies here. Federal substantive due process is satisfied if there is a rational relationship between the ordinance and its purpose. *Martinez v. California,* 444 U.S. 277, 283 (1980).

It is Plaintiff's burden to establish that Defendants' action was not rationally related to a legitimate government interest. *Valot v. Southeast Local School Dist. Bd. of Educ.,* 107 F.3d 1220 at 1228 (6th Cir. 1997). Rational basis review is a deferential standard under which government action is afforded a strong presumption of validity. *Midkiff v. Adams County Reg'l Water Dist.,* 409 F.3d 758, 770 (6th Cir.2005). The Sixth Circuit has held that "under rational basis review, ... a purported rational basis may be based on 'rational speculation unsupported by evidence or empirical data' and need not have a foundation in the record." *Midkiff,* 409 F.3d at 770 (citation omitted) (upholding the district court's 12(b)(6) dismissal because the defendant

water district had asserted legitimate interests behind its policy); *see 37712, Inc. v. Ohio Dep't of Liquor Control,* 113 F.3d 614, 620 (6th Cir.1997) ("[I]f any conceivable legitimate governmental interest supports the contested ordinance, that measure is not 'arbitrary and capricious' and hence cannot offend substantive due process norms.").

The City of Cleveland asserts that the ordinance at issue which imposes civil liability on an owner of a vehicle for red light and speeding violations is rationally related to improving traffic safety by encouraging vehicle owners to drive more safely and to take greater care with whom they entrust their vehicles. Plaintiff counters that there is no rational basis for an ordinance which imposes liability without fault and that the City's goal is not to promote public safety but to raise revenue. While the ordinance at issue no doubt raises revenue for the City, it also serves to promote safe driving practices. Similarly, because the ordinance imposes civil liability on the owner of a vehicle that is captured by the cameras running a red light or speeding, the ordinance should cause owners of vehicles to carefully reflect on the persons, if any, to whom they loan their vehicles. In this case, Plaintiff argues that he was not driving his vehicle when the cameras captured it speeding on Chester Avenue and thus he was fined with no finding of fault on his part.[4] Under C.O. § 413.031(k), if the owner of a vehicle submits an affidavit identifying the person who was driving the owner's vehicle at the time of the violation, the

---

4

Plaintiff assumes that he should be blameless for loaning his car to someone who was caught speeding twice in one night–once in each direction. The Ordinance offers Plaintiff a chance to place the liability for the infractions on the actual driver but he has declined to identify the driver on the basis that he should not be required to be an agent of the government. The ordinance permits Plaintiff to decline to identify the driver, but requires him to accept the responsibility of ownership by taking the liability for his vehicle's speeding infractions. This is clearly a rational arrangement and certainly does not rise to the level of arbitrary and capricious actions against a faultless citizen.

collection efforts will be directed to the person identified in the affidavit. If that person should deny liability, the owner shall be liable for any penalties imposed for the offense. C.O. § 413.031(k).  The City submits that it was rational for City Council to assume that registered owners commonly drive their own vehicles and that they could reasonably designate proof of ownership as the point where the burden shifts to the registered owner to demonstrate that he was not driving at the time the violation was captured by the automatic camera.  The Court finds that C.O. 413.031 is rationally related to the City's goal of improving traffic safety and further finds that it was not arbitrarily or capriciously applied as to Plaintiff.

### C. Closed Hearing

Plaintiff asserts that the hearing in this instance was conducted in an unconstitutional and unlawful manner because the hearing was allegedly closed to the public in violation of the requirement that court proceedings be conducted in open courts in a public forum.  See Amended Complaint, ¶20.  Defendants counter that Plaintiff does not have standing to support a claim that his administrative hearing was closed to the public in violation of the constitution.  Specifically, Defendants assert that Plaintiff has not established a "case or controversy" under Article III of the United States Constitution because he has not alleged that Defendants excluded anyone that wanted to attend Plaintiff's administrative hearing or that Plaintiff was injured thereby. See *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.")

Plaintiff has not identified anyone who was excluded from his hearing or identified how any such claimed exclusion injured him.  Indeed, Plaintiff offers no evidence concerning this claim except a statement in his affidavit stating that there was a sign on the door of the hearing

room which said "Do not enter–hearing in progress".[5]  Gardner Aff. ¶8.  As such, Plaintiff has not established that this is a case or controversy as required by Article III and thus he lacks standing to bring this claim.

### D. Separation of Powers

Plaintiff contends that the "separation of powers" is violated by the hearing officer acting as both prosecutor and judge." Amended Complaint, ¶21.  The Parking Violation Bureau's Hearing Examiners are either attorneys or former police officers that are appointed by the Clerk of the Municipal Court. C.O. § 459.03(b).  Neither the Hearing Examiners or the Clerk of the Municipal Court has a pecuniary interest in the outcome of Plaintiff's hearing as the operating costs of the Parking Violations Bureau shall be paid by the City of Cleveland pursuant to C.O. § 413.031(b).  Nor has Plaintiff submitted any evidence of actual bias or prejudgment against Plaintiff by the Hearing Officer in this case. Rather, Plaintiff contends that the fact that the Hearing Officer in this administrative proceeding presented the evidence against Plaintiff and acted as a finder of fact created a conflict of interest.  However, this kind of operation is a common occurrence in civil administrative proceedings and without other evidence of bias does not violate due process. See *Withrow v. Larkin*, 421 U.S. 35, 56-57 & n.24 (1975) ("It is also very typical for the members of administrative agencies to receive the results of investigations, to approve the filing of charges or formal complaints instituting enforcement proceedings, and then to participate in the ensuing hearings.  This mode of procedure...does not violate due

---

[5] In his brief in opposition to Defendants' Motion for Summary Judgment, Plaintiff offers the unsworn contention that he was denied the right to attend the hearings of other putative violators and that the public was denied the right to attend Plaintiff's and other's hearings. ECF #27 at p.5.  These unsworn statements are not evidence, and in any event, fail to demonstrate an actual case or controversy.

process of law.") See also, *Cobb v. Yeutter*, 889 F.2d 724, 730-731 (6th Cir. 1989). ("In this circuit, we have held that, based on Supreme Court precedent, one claiming bias in administrative adjudication procedures has a heavy burden to shoulder. In all such settings, the same agency will necessarily serve both as prosecutor and as judge. This, in and of itself, is not enough to make out a due process violation.") citing *Withrow*, supra.  As Plaintiff has not submitted any evidence that the hearing officer in this action was biased against him, he has failed to establish a violation of due process or separation of powers.

### E.  Excessive Fines Clause

Plaintiff asserts that any fine imposed under C.O. 413.031 violates the Excessive Fines Clause of the Eighth Amendment. Amended Complaint, ¶25.  Defendants counter that the $100 civil penalty imposed under C.O. §413.031(o) passes muster under the proportionality test adopted by the Supreme Court when analyzing whether monetary penalties pass constitutional muster under the Excessive Fines Clause of the Eighth Amendment. See *United States v. Bajakajian*, 524 U.S. 321, 324 (1998).  In *Bajakajian*, the Supreme Court noted that "the touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *Id.* citing  *Austin v. United States,* 509 U.S. at 622-623 (1993).

In this case a violation under C.O. § 413.031(b) and(c) corresponds with the criminal traffic violations of running a red light and speeding but imposes a $100 civil penalty with no points assessed against the driver's license and no further disability imposed for the violation. C.O. § 413.031(d) & (i).  The amount of the fine increases when the speeding violation exceeds

25 miles over the speed limit or occurs in a school or construction zone. C.O. § 413.031(o). Thus, the penalties set by the ordinance are proportional to the offense. Plaintiff offers no evidence or even explanation why these penalties set by the City Council are not proportional to the offense.  Accordingly, the Court finds that the fines set by the ordinance are proportional to the offense and are not excessive in violation of the Excessive Fines Clause of the Eighth Amendment.

### F.  Preponderance of the Evidence Standard

Plaintiff asserts that the constitutional requirement of proof beyond a reasonable doubt was dispensed with because the financial effect of the fine is the same as if the Plaintiff had been found guilty in a court of law.  Amended Complaint, ¶23.  The ordinance at issue here is not a criminal ordinance.  It imposes a civil penalty.  The standard of proof in a civil action is preponderance of the evidence, not beyond a reasonable doubt. See *Securities and Exchange Commission v. C.M. Joiner Leasing Corp.*, 320 U.S. 344, 355 (1943).  As noted above, the criminal penalties for a speeding or red light violation exceed those that are imposed by C.O. § 413.031.  The imposition of a civil fine does not turn a civil action into a criminal action.

### G.  Equal Protection

In his brief in support of his Motion for Summary Judgment, Plaintiff argues for the first time that the ordinance violates the Equal Protection Clause because an Ohio Court of Appeals decision construed the ordinance to exempt lessees from liability, thus treating lessees differently than registered owners.  This claim, however, is not before the Court as it has not been raised in Plaintiff's Amended Complaint.

For the reasons set forth above, the Court finds that Plaintiff has failed to establish that

17

C.O. § 413.031 *et seq*., violates the United States Constitution or § 1983.  Accordingly, Defendants Motion for Summary Judgment on Plaintiff's federal claims is Granted and Plaintiff's Motion for Summary Judgment as to his federal claims is Denied.

### 2. Plaintiff's State Claims

Since Plaintiff's federal claims have been dismissed, the only remaining claims are state law claims.  It is generally recognized that where, as in this case, federal issues are dismissed before trial, district courts should decline to exercise pendent, or supplemental, jurisdiction over state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Nash & Assocs., Inc. v. Lum's of Ohio, Inc.*, 484 F.2d 392, 396 (6th Cir.1973); *Burt v. Blue Shield*, 591 F.Supp. 755, 759 (S.D.Ohio 1984); *Gaff v. Federal Deposit Ins. Corp*., 814 F.2d 311, 319 (1987). (after dismissing all federal claims, it was error for the district court to have retained jurisdiction over the purported state law claims for the purpose of dismissing them with prejudice. The district court instead should have remanded the pendent state claims to the state court from which they were originally removed.)  In keeping with these precedents, the Court will decline to assert supplemental jurisdiction over Plaintiff's state law claims and remand those claims to state court.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF #25) is **GRANTED** as to Plaintiff's federal claims asserting violations of the Constitution of the United States and §1983.  Plaintiff's Motion for Summary Judgment  (ECF # 24) on those claims is **DENIED**. Further, the Court exercises its discretion, pursuant to 28 U.S.C. §1367(c)(3), to decline to retain supplemental jurisdiction over the remaining state law claims against the

Defendants in this case.  The Court, therefore, **REMANDS** this matter to the Court of Common Pleas for Cuyahoga County, Ohio where it was originally filed.  This action is TERMINATED.

**IT IS SO ORDERED.**

 /s/ Donald C. Nugent  
DONALD C. NUGENT  
UNITED StateS DISTRICT JUDGE

DATED:   August 20, 2009